The case of Bank v. Turnbull [supra] and the case just referred to, were clearly not independent suits. They could not be severed from the case to which they belonged. In both cases they were merely proceedings to regulate and control the processes of the court in the case to which the proceedings appertained.

The question then recurs, is the petition in this case a suit? In my judgment, it has all the necessary elements of a bill in equity, and is a bill in equity. If the purpose of the petition in this case were to obtain an order of the court that the petitioners' fees for services might be paid out of the property of their clients, which their services had secured and brought into court, or which the court had in its possession, there might be some ground for the idea that this was a graft on the main suit. But that is not the object of the petition. The petitioners are asserting a claim for their fees, not against their own clients, but, in effect, against the property of the opposite party. The clients of the petitioners were primarily liable for the petitioners' fees. Their claims have been satisfied, but they have failed to pay the fees due the petitioners. The attempt is, in effect, to subject the property of the opposite party to the payment of the fees of petitioners. This surely is not a graft on the main case. The petitioners assert a lien on the property of defendants. They declare that defendants are trustees for them, and they charge fraud practiced by defendants to their damage and injury. They seek to enforce the lien and trust. They pray for an account of the amount due to them by reason of the trust. Seek to enforce the lien by a sale of the property on which it rests, and they pray that defendants may answer, and for general relief, and that notice may be served on the defendants. An order to bring defendants in by publication was actually taken.

Here are all the essential elements of a bill in equity. See Stickney v. Wilt, 23 Wall. [90 U. S.] 150, where a proceeding, not as much like a suit in equity as this, was declared to be such. This case might have been brought as an independent suit, either in the state chancery court or in this court. The full settlement and adjustment of the original claim would not settle or adjust the controversy between these parties. This suit had its origin in the original case, but is not a part of it, or dependent on it. The case falls within the rule laid down in West v. Aurora City, supra: "It is a suit regularly commenced by a citizen of the state in which the suit is brought, by process served on a defendant who is a citizen of another state." This court, if it should proceed to a decree in favor of the petitioners, and establish their lien on the property of defendants, would not necessarily interfere with the property in the possession of the state court. If this court establishes the claim and lien of the petitioners, that lien can be enforced as soon as the hand of the

state court is taken from the property; or, the petitioners, having established their lien in this court, could propound their claim in the state court, if that court were proceeding with the administration of the property.

We are satisfied that this is a new cause, entirely independent of the original case, that could be commenced and prosecuted after the original case had been entirely disposed of and ended. That it is a suit in equity between new parties on a new cause of action, and as it fills all other requirements of the statute, it is a cause proper to be removed to this court. The motion to dismiss must therefore be overruled

[NOTE. Upon the hearing of this case upon its merits, a decree in favor of plaintiffs was entered for $35,161.21. Case unreported. This was reduced by the supreme court, upon appeal, to $17,580. 113 U. S. 116, 5 Sup. Ct. 387.]

---

## Case No. 11,049.

### PETTY v. MERRILL.

[See Case No. 9,211.]

---

## Case No. 11,050.

### PETTY et al. v. MERRILL et al.

[9 Blatchf. 447.] [1]

Circuit Court, E. D. New York. Feb. 23, 1872.

#### COLLISION—MEASURE OF DAMAGES.

1. In a case of collision, the district court allowed, as an item of damages, $500, for depreciation in the value of the libellant's vessel, besides allowing $600 for future repairs. It appeared that the $600 would put the vessel in a seaworthy condition, and in as good and serviceable a condition as she was in before the collision; but the ship-builder testified, that, with such repairs, the vessel would not be as valuable, by $500, as before the collision, and that, there is a general damage, which vessels sustain when they come together, that they show when they grow old: Held, that the allowance of the $500 was improper.

2. When a vessel is made as serviceable as she was before, any conjecture that she is not as valuable, or that, when she is old, some damage will appear, as the result of the collision, not now discoverable, is too vague and uncertain to warrant the finding of the conjectural amount of damage.

This was an appeal by the respondents [Henry B. Merrill and others] from a decree of the district court, in a case of collision, in which the libellants' vessel, the schooner Mary Eveline [John W. Petty and others, owners], was damaged.

Franklin A. Wilcox, for libellants.

Richard H. Huntley, for respondents.

WOODRUFF, Circuit Judge. The allowance of five hundred dollars for depreciation in the value of the libellants' vessel, does not seem to me well sustained. The witness upon whose estimate it was allowed is the

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]